SLIP OPINION

Cite as 2014 Ark. 34

# SUPREME COURT OF ARKANSAS

No. CV–13–247

| | |
|---|---|
| MICHELE KELLY HILL<br>**APPELLANT** | **Opinion Delivered** January 30, 2014 |
| V. | APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT,<br>[NO. DR–98–260] |
| JAMES EDWARD KELLY, III<br>**APPELLEE** | HONORABLE MARK HEWETT,<br>JUDGE |
| | <u>REVERSED AND REMANDED</u>. |

**JIM HANNAH, Chief Justice**

Appellant, Michele Kelly Hill, appeals from an order of the Sebastian County Circuit Court awarding child support and reimbursement of medical expenses to appellee, James Edward Kelly, III. On appeal, Hill contends that the circuit court abused its discretion (1) in granting Kelly's objection to the discovery requests regarding his financial condition, income, and assets; (2) in obligating her to contribute to the medical expenses of one of their children who had reached the age of eighteen and had graduated from high school when the medical expenses were incurred; (3) in retroactively awarding child support to a date approximately three years before the filing of the motion for child support; and (4) in imposing child support retroactively. Kelly cross-appeals and contends that the circuit court erred (1) in finding that money given to Hill by her father was not income for purposes of calculating child support, and (2) in finding that money paid to Hill as a result of her property settlement from her second husband was not income for purposes of calculating child

SLIP OPINION

support. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(7) (2013), as this is a subsequent appeal following an appeal that has been decided in the supreme court. *See Hill v. Kelly*, 368 Ark. 200, 243 S.W.3d 886 (2006); *Kelly v. Kelly*, 341 Ark. 596, 19 S.W.3d 1 (2000). We reverse and remand.

Given the lengthy procedural history of this case, we recite only the facts relevant to the disposition of this appeal. Hill and Kelly were divorced by a decree entered on August 25, 1999. At the time of their divorce, the circuit court placed primary custody of the parties' three minor children with Hill and awarded her child support. As part of the settlement reached at the time of the divorce, the parties agreed to numerous conditions regarding their children, including the agreement that the parties are to share equally in all medical, dental, and travel expenses incurred by the children up until the time they turn eighteen, or graduate from high school, whichever occurs last.

Subsequently, in an agreed order entered on January 22, 2009, the circuit court awarded custody of Aidan to Kelly. Then, on November 9, 2010, Hill filed a motion for change of custody and child support for Aidan, contending that there had been a material change of circumstances because Aidan had relocated to New Jersey to live with her. She also propounded to Kelly a set of interrogatories and requests for production of documents seeking financial information and documentation from 2007 through 2010. Kelly responded and stated that, although Aidan was with Hill in New Jersey for visitation during the summer of 2010, "no decision was made that . . . Aidan would stay in New Jersey until August of 2010." Kelly also filed a motion for protective order, seeking a ruling that he was not

required to comply with Hill's discovery request. Kelly contended that, because he did not owe any child support for Aidan, there was no reason for him to furnish the financial information and documentation requested by Hill.

The circuit court entered an order on December 30, 2010, denying the motion for change of custody because Aidan had returned to Arkansas and was living with Kelly. Further, the circuit court granted Kelly's motion for protective order. The circuit court found that Aidan had been in New Jersey for visitation with Hill in June, July, and August and then remained there to go to school for September, October, and through November 20, when she returned to Arkansas to live with Kelly. The circuit court also found that, when Aidan was in New Jersey, Kelly paid the amount of child support that was calculated by his counsel, even though there was no court order requiring him to pay any support. Accordingly, the circuit court found that there was no arrearage due from Kelly and that Kelly was not required to respond to Hill's discovery request.

On April 7, 2011, Kelly filed a motion for child support and other related expenses, seeking, among other things, child support for Aidan and reimbursement for the children's expenses. In April 2012, Hill submitted to Kelly interrogatories and requests for production of documents, in which she sought financial information and documentation from 2007 through 2010. In response, Kelly filed a motion for protective order and contended that the discovery requested was nearly identical to the discovery that was the subject of the motion for protective order previously granted by the circuit court and that Hill was not seeking relief that would cause her to need such documentation and information. Kelly contended

that, with few exceptions, the interrogatories and requests propounded by Hill were unduly burdensome, irrelevant, and intended as harassment. Hill contended that the discovery request was relevant to the issue of child support, citing Arkansas Supreme Court Administrative Order Number 10(V)(a)(12) (2013), which states that, when determining whether there should be a deviation from the child-support chart, one factor to consider is "[o]ther income or assets available to support the child from whatever source, *including the income of the custodial parent.*" (Emphasis added.) In an order entered on September 12, 2012, the circuit court found that it had previously ordered [in the December 30, 2010 order] that Kelly did not have to respond to the discovery except that Kelly had to respond to Interrogatories Nos. 20, 21, 23, and 25 and Request for Production No. 17.[1]

The circuit court held a hearing on September 24, 2012, on Kelly's motion for child support and other related expenses and ordered the parties to submit posttrial briefs. Subsequently, the circuit court ordered Hill to pay child support in an amount based on her reported income[2] and the formulas set forth in the child-support chart. Specifically, the circuit court found that Hill had a duty and an obligation to pay child support for Aidan from September 1, 2008, until the date of the hearing on September 24, 2012, and a continuing

---

[1]For purposes of this appeal, we need not identify the substance of these requests.

[2]The circuit court found that money paid to Hill by her father and money received by Hill from a property-settlement agreement with her second husband were not income for the purposes of calculating child support.

duty to pay child support for Aidan until her eighteenth birthday on June 6, 2013.[3] In addition, the circuit court ordered Hill to pay one-half of the travel and medical expenses incurred by the parties' minor children prior to the time they turned eighteen and graduated from high school.

We first consider Hill's argument that the circuit court abused its discretion in granting Kelly's objection to her discovery request regarding Kelly's financial condition, income, and assets. Kelly maintains that Hill's requests were excessive and burdensome and did not seek information relevant to the issue of child support. In addition, Kelly contends that even if the circuit court erroneously denied Hill's request, reversal is not warranted because Hill has not been harmed; that is, Kelly contends that his financial status had no bearing on the relief Hill was seeking and had no effect on the outcome of the proceedings. Hill claims that the information and the documents requested were relevant because she sought a downward deviation from the child-support chart and, pursuant to Administrative Order Number 10(V)(a)(12), when determining whether a deviation should be allowed, one factor to be considered is "[o]ther income or assets available to support the child from whatever source, *including the income of the custodial parent*." (Emphasis added.) Hill contends that she was prejudiced by the circuit court's discovery ruling because it prevented her from fully presenting to the circuit court the income and wealth of Kelly. According to Hill, the

---

[3]The circuit court ordered excluded from child support due from Hill the months of September, October, and November 2010 because Aidan was living with Hill at that time and because Kelly paid to Hill child support for those months. The circuit court reduced by fifty percent the child support due to be paid by Hill for the months of June, July, and August 2010 when Aidan was visiting Hill for the summer.

requested discovery would assist her in establishing facts to justify a deviation from the child–support chart.

Rule 26(b)(1) of the Arkansas Rules of Civil Procedure (2013) provides, in pertinent part, that parties may obtain discovery regarding any matter, not privileged, which is relevant to the issues in the pending action. It is well settled that a circuit court has wide discretion in matters pertaining to discovery; thus, we will reverse a circuit court's ruling only when there has been an abuse of that discretion. *E.g.*, *Wilson v. Neal*, 332 Ark. 148, 157, 964 S.W.2d 199, 204 (1998). Moreover, a discovery motion must be considered in light of the particular circumstances which give rise to the request and the need of the movant for the information requested. *Id.*, 964 S.W.2d at 204.

We conclude that the circuit court abused its discretion in granting Kelly's objection to Hill's discovery request. Hill argued that she was entitled to a downward deviation from the child-support chart, and income from the custodial parent is relevant for determining whether a deviation should be allowed. *See* Admin. Order No. 10(V)(a)(12). Accordingly, we reverse and remand with instructions for the circuit court to reconsider Hill's request in light of her downward-deviation argument.[4] Because we reverse and remand on the discovery issue, we need not address the remaining arguments on appeal and cross-appeal.

Reversed and remanded.
*Gean, Gean & Gean*, by: *Roy Gean, III*, for appellant.
*Hayes, Alford & Johnson, PLLC*, by: *Joel D. Johnson*, for appellee.

---

[4]In reversing and remanding on this issue, we express no opinion regarding which interrogatories and requests for production of documents are relevant to Hill's downward-deviation argument.